UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. _____

In the Matter of:

LOCAL 589, AMALGAMATED TRANSIT           }
    UNION, PATRICK F. HOGAN,              }
    TIMOTHY C. BROWN, HERIBERTO           }
    CORA, ANDREW HUNTER, DAVID            }
    JORDAN, STEVEN MAHER, DENNIS          }
    PERRY, ALLEN R. LEE, TRACEY           }
    SPENCER, JEFFREY WILLIAMS             }
  and all others similarly situated,       }
                                   Plaintiffs,           }
                                           v.                     }        COMPLAINT

MASSACHUSETTS BAY TRANSPORTATION        }
    AUTHORITY,                            }
                                   Defendant.            }
_____}

## NATURE OF THE ACTION

This is a class action on behalf of Massachusetts Bay Transportation Authority ("MBTA") Bus Operators, Train Operators, Train Attendants, Streetcar Operators, Trackless Trolley Operators and Customer Service Agents who are required by the MBTA to travel throughout the city, without compensation, from one assigned location to another during their day's work. These pay practices violate the Fair Labor Standards Act, 29 U.S.C. Section 207, the Portal to Portal Act, 29 U.S.C. Section 252 and the Massachusetts Wage and Hour Law, including M.G.L. Ch. 151, Sections 1, et seq. and M.G.L. Ch. 149, Section 100.

**JURISDICTION**

Jurisdiction is premised on 29 U.S.C. Section 216(b) and 252 (d), which establish rights to bring actions in the United States District Court to compel enforcement of the Fair Labor Standards Act and the Portal to Portal Act, respectively. Plaintiffs request supplemental jurisdiction, 28 U.S.C. Section 1367, to enforce the Massachusetts Wage and Hour Law, M.G.L. Ch. 151 and 149 Section 100, which apply to the same parties and subject matter.

**PARTIES**

1. Plaintiff Local 589, Amalgamated Transit Union ("Local 589" or "the Union") represents in collective bargaining certain employees of the Massachusetts Bay Transportation Authority including, among others, those known as "Bus Operators," "Streetcar Motorperson," "Motorperson," "Train Attendant," and "Customer Service Agent" (or "CSA")  Local 589 has represented workers in these classifications for approximately 100 years.  Its office is located at 295 Devonshire Street, Boston, Massachusetts, 02110.

2. Plaintiff Patrick F. Hogan is a full-time Bus Operator employed by the MBTA and assigned to the Charlestown Bus Garage.  Mr. Hogan's address is 72 Winthrop Street, Winthrop, Massachusetts, 02152.  Mr. Hogan has worked repeatedly on MBTA runs (work assignments)  which required him to travel from one location where he completed his driving assignment, to another work location  where he reported for further duty or to the point where he began service at the time of his first report,

3

without compensation of any kind for the time required to travel.  Mr. Hogan is currently on leave from MBTA service while he performs full-time work as an elected official of the Plaintiff Local 589, Amalgamated Transit Union.  Mr. Hogan is a Delegate representing certain Bus Operators and Money Room employees.

3. Timothy C. Brown is a full-time Bus Operator employed by the MBTA and currently assigned to the Cabot Bus Garage. Mr. Brown's address is 2A Victoria Street, Dorchester, Massachusetts, 02125.  Mr. Brown has worked repeatedly on MBTA runs (work assignments) which required him to travel from one location where he completed his driving assignment, to another work location where he reported for further duty or to the point where he began service at the time of his first report, without compensation of any kind for the time required to travel.

4. Heriberto Cora is a full-time Bus Operator employed by the MBTA and currently assigned to the Lynn Bus Garage. Mr. Cora's address is 54 Graves Avenue, Lynn, Massachusetts, 01902.  Mr. Cora has worked repeatedly on MBTA runs (work assignments)  which required him to travel from one location where he completed his driving assignment, to another work location  where he reported for further duty or to the point where he began service at the time of his first report, without compensation of any kind for the time required to travel.

5. Andrew Hunter is a full-time Bus Operator employed by the MBTA and

4

currently assigned to the Arborway Bus Garage. Mr. Hunter's address is 2 Brookdale Street, Reslindale, Massachusetts, 02131. Mr. Hunter has worked repeatedly on MBTA runs (work assignments) which required him to travel from one location where he completed his driving assignment, to another work location where he reported for further duty or to the point where he began service at the time of his first report, without compensation of any kind for the time required to travel.

6. David Jordan is a full-time Bus Operator employed by the MBTA and currently assigned to the Quincy Bus Garage. Mr. Jordan's address is 41 Marion Street, Quincy, Massachusetts, 02170. Mr. Jordan has worked repeatedly on MBTA runs (work assignments) which required him to travel from one location where he completed his driving assignment, to another work location where he reported for further duty or to the point where he began service at the time of his first report, without compensation of any kind for the time required to travel.

7. Steven Maher is a full-time Bus Operator employed by the MBTA and currently assigned to the Bennett Street Bus Garage. Mr. Maher's address is 55 High Street, Somerville, Massachusetts, 02144. Mr. Maher has worked repeatedly on MBTA runs (work assignments) which required him to travel from one location where he completed his driving assignment, to another work location where he reported for further duty

or to the point where he began service at the time of his first report, without compensation of any kind for the time required to travel.

8. Dennis Perry is a full-time Bus Operator employed by the MBTA and currently assigned to the Southampton Bus Garage. Mr. Perry is also an elected representative, a Barn Captain, for Plaintiff Local 589, Amalgamated Transit Union. Mr. Perry has worked repeatedly on MBTA runs (work assignments) which required him to travel from one location where he completed his driving assignment, to another work location where he reported for further duty or to the point where he began service at the time of his first report, without compensation of any kind for the time required to travel.

9. Allen R. Lee is a full-time Bus Operator employed by the MBTA and currently assigned to the Green Line Streetcar Operation. Mr. Lee's address is 36 Summer Street, Everett, Massachusetts, 02149. Mr. Lee is also an elected representative, a Barn Captain, for Plaintiff Local 589, Amalgamated Transit Union. Mr. Lee has worked repeatedly on MBTA runs (work assignments) which required him to travel from one location where he completed his driving assignment, to another work location where he reported for further duty or to the point where he began service at the time of his first report, without compensation of any kind for the time required to travel.

10. Tracey Spencer is a full-time Train Operator/Attendant employed by the MBTA and currently assigned to the Rapid Transit Orange Line. Ms.

Spencer's address is 300 Belgrade Ave., Roslindale, Massachusetts, 02131. Ms. Spencer has worked repeatedly on MBTA runs (work assignments) which required her to travel from one location where she completed her driving assignment, to another work location where she reported for further duty or to the point where she began service at the time of her first report, without compensation of any kind for the time required to travel.

11. Jeffrey Williams is a full-time Bus Operator employed by the MBTA and currently assigned to the Lynn Bus Garage. Mr. Williams' address is 286 Crescent Avenue, Revere, Massachusetts, 02151. Mr. Williams has worked repeatedly on MBTA runs (work assignments) which required him to travel from one location where he completed his driving assignment, to another work location where he reported for further duty or to the point where he began service at the time of his first report, without compensation of any kind for the time required to travel.

12. Defendant Massachusetts Bay Transportation Authority (MBTA) is a body corporate and politic, a subdivision of the Commonwealth of Massachusetts, authorized to own and operate mass transit systems, including bus, subway, streetcar, trackless trolley and commuter rail facilities, throughout a service area comprised of Boston, Massachusetts and 79 Massachusetts cities and towns in the surrounding area. M.G.L. Ch. 161A, Sections 1, et seq.. The MBTA is authorized to sue and be

7

sued. The principal offices of the MBTA are located at 10 Park Plaza, Boston, Massachusetts, 02116.

**PARTIES' RELATIONSHIPS**

13. Plaintiff Local 589, ATU and Defendant MBTA are parties to a collective bargaining agreement which, among other provisions, establishes and governs pay, hours and other terms and conditions of employment for the MBTA employee classifications of Bus Operator, Streetcar Motorperson, Motorperson, Train Attendant and Customer Service Agent.

14. The individual Plaintiffs Patrick F. Hogan and those similarly situated, are on active duty as MBTA workers (or have been on active duty at some point during the period between January 1, 2009 and the filing of this lawsuit) . They are paid by the MBTA weekly on each Wednesday, by check or by direct deposit, based on their respective wage rates times the hours worked during the preceding pay week. The scheduled work week begins at 12:01 am each Monday and ends and Midnight on the following Sunday.

**THE PRESENT DISPUTES**

15. MBTA Bus Operators are given specific routes to drive each workday. Their pay depends on the hours required to complete the work designed for them by the MBTA. Bus Operators select assignments quarterly, by seniority, from among available weekly assignments devised by MBTA

management to meet the service needs in the area served by the garage where the Operator works. There are eight separate garage locations spread throughout the MBTA service area. Bus Operators drive transit buses, trackless trolleys or so-called "dual mode" vehicles, depending on their work locations and daily assignments.

16. MBTA Streetcar Motorpersons are given street cars to run on the MBTA Green Line, in one or two-car groupings. There are five yard or "carhouse" facilities where Streetcar Motorpersons may be assigned.

17. MBTA Rapid Transit Motorpersons operate subway trains on any one of three separate lines, including Red, Blue and Orange. Each of the three lines includes at least two separate yard or train storage facilities where Motorpersons report for duty.

18. MBTA Train Attendants act as conductors on MBTA subway trains, and are particularly responsible to operating the doors and for safe, comfortable travel by MBTA patrons. Train Attendants are also divided by lines Red, Blue and Orange. In recent years, Train Attendants and Train Operators have been functionally merged into a single classification. Members work in either capacity, based on daily assignment.

19. Customer Service Agents are assigned on occasion to visit a central administrative facility at Washington Street Station, or, alternatively, at one of the MBTA Office Buildings (10 Park Plaza or 50 High Street) in

downtown Boston.  However, they usually report for duty by going directly to the MBTA station where they will be expected to perform their duties during all or part of the work day.

20. MBTA Operating Employees are comprised of full-time workers, who are guaranteed to receive 8 hours pay each day, with two days off each week, and part-time workers, who have no guaranteed number of hours each day, but can work up to 30 each week.  In practice, most part-time workers have assignments which last between 5 hours and 45 minutes and 5 hours and 55 minutes each day, five days each week.

21. MBTA Operating Employees are divided generally into "garages" or "carhouses" where employees report to work and receive vehicles along with a list or "manifest" which depicts the stops they are to make every work day. (Hereafter, this Complaint will refer to "Operating Employees" in general to encompass all affected classifications, including Bus Operator, Streetcar Motorperson, Motorperson, Train Attendant and Customer Service Agent, unless otherwise indicated.)

22. At each general report location are such amenities as parking spaces, an employee break room with lockers, restroom and changing facilities and supervisory staff who manage day-to-day activities, post work-related notices, keep time and pay records, collect reports and the like.

23. MBTA customer service ceases for a few hours each night.  During that

time, the vehicles are returned to the various garages or carhouses for cleaning and servicing. As part of their daily assignments, Operating Employees take the vehicles from garages and carhouses in the morning and return them there at the end of the day. However, vehicles stay in service for up to 20 hours each day, and so the Operating Employees replace each other in active duty while the vehicles are on the road or rail, at various points along the bus, subway and streetcar routes of service.

24. On many occasions, the work day laid out by the MBTA requires Operating Employees to end their paid work days in locations other than the ones where they began, sometimes over an hour distant from the point of original report.

25. Because of rush hour demands, MBTA service frequency varies throughout the day. Consequently, split shifts are common. If an Operating Employee is relieved of duty for thirty minutes or less, the break is paid, if thirty-one minutes or more, the break is unpaid.

26. Any full-time MBTA Operating Employee who reports for duty at one location, such as their report garage, then, after a mid-day unpaid break, reports to another, different location, such as a street corner downtown, to resume their duties, receives under the labor contract a so-called "swing on allowance" consisting of 20 minutes' pay.

27. Under no circumstances do part-time Operating Employees receive "swing on allowances," even though they often report to different locations throughout the work day.

28. When a full-time Operating Employee reports for duty in one location, is relieved of duty elsewhere, then reports back to the original location after an unpaid break, they receive no compensation for the time required to travel between the two locations.

29. When a full-time Operating Employee is relieved at the end of their work day at a location where they did not report for duty originally or after an unpaid break, they receive no compensation for time required to return to their original report location.

30. Many employees who receive a so-called "swing on allowance" must travel much more than twenty minutes in order to return to their original report location after being relieved from duty.

**CAUSES OF ACTION**

COUNT I
PORTAL TO PORTAL ACT

31. All of the previous allegations are repeated and incorporated into this Count.

32. MBTA Operating Employees, including Bus Operators, Streetcar

Motorpersons, Rapid Transit Motorpersons, Train Attendants and Customer Service Agents are all obliged to travel throughout the city after they have commenced their work days, in order to be of service to the MBTA.

33. The travel from one work location to another and back again is generally not compensated by the MBTA.

34. Accordingly, MBTA pay practices violate the United States Portal to Portal Act, in particular 29 U.S.C. Sections 252 and 254.

## COUNT II
## FAIR LABOR STANDARDS ACT AND MASSACHUSETTS WAGE LAW START-END TRAVEL TIME

35. All of the previous allegations are repeated and incorporated into this Count.

36. MBTA Operating Employees are compelled in order to perform the requisite service to the MBTA, to move from place to place throughout the city after commencing their principal activities. This travel time is unpaid in any fashion when it involves returning to the original report location, known as "start-end" travel time.

37. Start-end travel time for municipal transit operators is compensable time within the meaning of the Fair Labor Standards Act and the Massachusetts

13

Wage and Hour Law.

38. Start-end travel time is excluded by the MBTA from regular hourly pay, in violation of 29 U.S.C. Section 206, and M.G.L. Ch. 151, Section 1, the "Minimum Wage" provisions.

39. Start-end travel time is excluded by the MBTA from overtime calculations, in violation of 29 U.S.C. Section 207 and M.G.L. Ch. 151, Section 1A, the "Maximum Hours" provisions.

COUNT III<br>FAIR LABOR STANDARDS ACT<br>UNPAID "SPLIT SHIFT" TRAVEL TIME

40. All of the previous allegations are repeated and incorporated into this Count.

41. MBTA Operating Employees are compelled in order to perform the requisite service to the MBTA, after commencing their principal activities, to move from place to place throughout the city without pay during the period established as an "unpaid meal relief" break.

42. Split shift travel time is excluded by the MBTA from regular hourly pay, in violation of 29 U.S.C. Section 206 and M.G.L. Ch. 151, Section 1 the "Minimum Wage" provisions.

43. Split shift travel time is excluded by the MBTA from overtime

calculations, in violation of 29 U.S.C. Section 207 and M.G.L. Ch. 151, Section 1A, the "Maximum Hours" provisions.

## COUNT IV
## INADEQUATE MEAL BREAK ALLOWANCE

44. All of the previous allegations are repeated and incorporated into this Count.

\

45. MBTA Operating Employees are compelled in order to perform the requisite service to the MBTA, after commencing their principal activities, to move from place to place throughout the city without pay during the period established as an "unpaid meal relief" break.

46. On some occasions, the travel required is sufficiently time consuming, that the period left prior to resumption of duties is less than 30 minutes in length.

47. In that fashion, MBTA violates the Massachusetts Meal Break statute, M.G.L. Chapter 149, Section 100.

## COUNT V
## CLASS ACTION

48. All of the previous allegations are repeated and incorporated into this Count.

49. There are at least 1500 MBTA Operating Employees who have been

compelled to travel without pay after they commenced daily work duties, during the period after January , 2009 and before the filing of this action.

50. The legal and factual issues shared by the claims of potential plaintiffs predominate over any differences among their individual claims

51. Proceeding as a class would avoid incompatible standards of conduct for payment of travel time consumed by Operating Employees.

52. The representatives and counsel named herein will fairly and adequately protect the interests of the class of claimants.

53. Class action by representative plaintiffs comports with Rule 23 of the Federal Rules of Civil Procedure and the specific requirements of the Fair Labor Standards Act, 29 U.S.C. Section 216(h). (See written consent forms, Attachment A)  Accordingly, this matter should proceed as a class action with regard to all allegations, counts and remedies.

## COUNT VI
## WILLFUL VIOLATIONS OF LAW

54. All of the previous allegations are repeated and incorporated into this Count.

55. MBTA officials, including managers, supervisors, legal, payroll and planning directors, were aware that Operating Employees were being

required to travel after commencing their daily duties.

56. MBTA officials, including managers, supervisors, legal, payroll and planning directors, were aware that Operating Employees were not being compensated for travel time during their work days.

57. MBTA officials, including managers, supervisors, legal, payroll and planning directors, were aware that compensation was required for work day travel time as a matter of law.

58. When the illegal pay practices were specifically explained and the Plaintiff Union demanded that they cease, MBTA officials refused and persisted in the illegal behavior.

59. MBTA determination to continue violating the wage and hour laws was therefore deliberate and willful, undertaken as a matter of policy, not through error, ignorance or bureaucratic inertia.

**REMEDIES**

Plaintiffs seek injunctive and declarative relief, as well as damages, in the form of an order of the Court directing the MBTA as follows:

- A. Cease directing employees to travel from place to place in the city during their work day without compensation for the time expended in travel;

- B. Re-configure employee schedules so as to allow for at least 30 minutes' lunch break each day, uninterrupted by mandatory travel to the point where they will be compelled to resume vehicle operation;

- C. Pay to each employee who has been compelled to travel after arriving at work for time expended in such travel at the employee's regular rate of pay;

- D. Pay to each employee whose weekly hours of work exceeded 40, but were not paid because work day travel time was excluded, overtime at the rate of time and one-half their regular rate of pay for all hours in excess of 40 when travel time is added to their pay;

- E. Pay to each employee triple the amount of underpayment, as required by

18

M.G.L. Ch. 149, Section 150 (including so-called "liquidated damages" in the amount equal to the underpaid wages required under 29 U.S.C. Section 216);

F. Pay to Counsel for Plaintiffs a reasonable amount as attorneys fees, and other costs and expenses arising from the litigation of this matter; and

G. Such other actions or remedies as may be appropriate to effectuate the purposes of the Fair Labor Standards Act, Massachusetts Wage and Hour laws and the Portal to Portal Act.

        Plaintiffs LOCAL 589, AMALGAMATED
        TRANSIT UNION, and PATRICK F. HOGAN,
        ET AL., by their Attorneys:

        __/s/ Douglas Taylor_____
        Douglas Taylor
        Gromfine, Taylor and Tyler
        1420 King Street, Suite 500
        Alexandria, VA 22314
        (703) 683-7782
        dtaylor@lbgt.com

        __/s/ Brian Rogal_____
        Paul T. Hynes, BBO No. 545952
        Brian Rogal, Esq., BBO #424920
        ANGOFF, GOLDMAN, MANNING,
        HYNES & DUNLAP, P.C.
        100 River Ridge Drive, Suite 203
        Norwood, MA 02062
        (781) 255-7700
        BRogal@AngoffGoldman.com
        PHynes@AngoffGoldman.com