UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LOCAL 589, AMALGAMATED | * | |
| TRANSIT UNION, PARTICk F. HOGAN, | * | |
| TIMOTHY C. BROWN, HERIBERTO | * | |
| CORA, ANDREW HUNTER, DAVID | * | |
| JORDAN, STEVEN MAHER, DENNIS | * | |
| PERRY, ALLEN R. LEE, TRACEY | * | |
| SPENCER, JEFFREY WILLIAMS, and all | * | |
| others similarly situated, | * | |
| | * | Civil Action No. 13-cv-11455-ADB |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| MASSACHUSETTS BAY | * | |
| TRANSPORTATION AUTHORITY, | * | |
| | * | |
| Defendant. | * | |

Memorandum and Order

BURROUGHS, D.J.

Plaintiffs, ten Massachusetts Bay Transportation Authority ("MBTA") employees and

their union, claim that they are owed payment for travel time by defendant MBTA under Federal

and State wage and hour laws. Plaintiffs now move to amend their complaint to add as plaintiffs

approximately 1,600 additional employees affected by the MBTA's pay practices. For the

following reasons, Plaintiffs' Motion to Amend is denied.

## I.   Background

Plaintiffs commenced this putative class action on June 17, 2013, on behalf of MBTA bus

operators, train operators, train attendants, streetcar operators, trackless trolley operators and

customer service agents allegedly required to travel from one assigned location to another during

their day's work without compensation. [ECF No. 1.] The named plaintiffs are ten MBTA

employees, who are either full-time bus operators or train operators/attendants, as well as Local 589,

Amalgamated Transit Union, the union which represents the affected MBTA employees. Id. at ¶¶ 1-11. Plaintiffs were granted leave to file an amended complaint in November 2013, [ECF No. 31], and they filed with it consent forms for approximately 1,500 individual plaintiffs. Id., ¶ 12 & Exhs. 1-25.

In their amended complaint, Plaintiffs contend that the affected MBTA employees have not been adequately compensated for after-work and between-shift travel. As alleged, part-time and full-time employees often end their work days in a place different from where they began, or start shifts some place other than where their previous shift ended. [ECF No. 31, ¶¶ 25-31.] Plaintiffs contend that the employees are generally not compensated for the time required at the end of the day to return to their original starting point ("start-end" travel time) or between shifts to change locations ("split-shift" travel time). Id. Plaintiffs claim that the affected employees are owed compensation for this start-end and split-shift travel time under the United States Portal to Portal Act, 29 U.S.C. §§ 251 et seq., the Fair Labors Standards Act, 29 U.S.C. § 201 et seq., and Massachusetts Wage Act, Mass. Gen. L. ch. 151, § 1. Id. ¶¶ 32-44.

In a February 4, 2014 electronic order, Judge Woodlock, who was then assigned to this case, denied without prejudice both MBTA's partial Motion to Dismiss and Plaintiffs' Motion to Certify the Class. [ECF No. 39.] Plaintiffs had moved to certify a class of all persons who, during the period covered by the lawsuit, were employed by the MBTA as bus operators, rapid transit motorpersons, street car motorpersons, customer service agents, train attendants, gate persons, hub station monitors and hub station access clerks. [ECF No. 29.] In their memorandum in support of the motion, Plaintiffs argued that the class should be certified, in part, because "[j]oinder would be wholly impractical due to the large number of people, different home and work locations, and finally different employment status for each class member." [ECF No. 30, at 2.]

In June 2014, the parties cross-moved for summary judgment, and Plaintiffs renewed their motion for class certification. [ECF No. 46, 51.] At the December 2014 hearing, Judge Woodlock denied the renewed motion for class certification without prejudice. [ECF No. 61.] In a subsequent March 31, 2015 opinion, Judge Woodlock partially granted the MBTA's partial motion for summary judgment and again denied Plaintiffs' motion for class certification. [ECF No. 65.] He held that Plaintiffs' claims for start-end travel compensation should be dismissed, but that their claims for split-shift travel compensation should proceed, pending further factual development. Under the Portal-to-Portal Act, which amended the FLSA, regular commuting activities are not compensable, and Judge Woodlock held that start-end travel is non-compensable commuting time but that without additional information, such as the individual travel time and break schedules of the employees, he could not determine whether split-shift travel should be compensated. Id. at 26-27. With respect to class certification, he noted that, "[a]s will appear, this case is still not ready to be framed for consideration of class certification." Id., at 1, n. 1. Thus, Plaintiffs' motions for class certification have been denied three separate times.

In a Joint Status Report filed on April 17, 2015, the parties agreed that discovery would be completed by August 1, 2015 and that Plaintiffs' Motion for Summary Judgment would be submitted on or before September 15, 2015. [ECF No. 67.]. On June 9, 2015, this matter was randomly reassigned to this Court after Judge Woodlock took senior status. [ECF No. 70.]

The pending Motion to Amend was filed by Plaintiffs on October 15, 2015. [ECF No. 73.] Plaintiffs did not file a Memorandum of Law in support of the motion until October 30, 2015, [ECF No. 75], after the MBTA had already filed their opposition brief. [ECF No. 74.] Through the Motion to Amend, Plaintiffs seek to add as named plaintiffs approximately 1,600 MBTA operating employees of various classes who have allegedly been affected by the MBTA

pay practices at issue. Plaintiffs argue that the amendment should be allowed because (1) MBTA

opposes class certification; (2) the rights and claims of individuals need to be preserved against

the applicable statute of limitations, as class certification may be a time-consuming process; and

(3) if the Court allowed the amendment, the plaintiffs would constitute a "complete accounting

of all MBTA employees allegedly affected by the MBTA scheduling and pay practices." [ECF

No. 75.]

## II.     Discussion

Plaintiffs' motion implicates both Fed. R. Civ. P. 15, for amendment of pleadings, and

Fed. R. Civ. P. 20, for permissive joinder of parties. Under Fed. R. Civ. P. 15(a), where, as here,

a plaintiff seeks to amend a complaint more than 21 days after a motion to dismiss or answer has

been filed, it "may amend its pleading only with the opposing party's written consent or the

court's leave." Fed. R. Civ. P. 15(a)(2). Leave to file amended pleadings "shall be freely given

when justice so requires." Id. Reasons for denying a motion to amend include undue delay, bad

faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing

party, and futility of amendment. U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st

Cir. 2009).

An amended complaint must also comply with the Federal Rules of Civil Procedure

governing joinder. Snyder v. S. Middlesex Corr. Ctr., No. CIV.A. 13-11013-WGY, 2013 WL

5953027, at *2 (D. Mass. Nov. 4, 2013); see also Mudge v. Bank of Am., N.A., No. 13-CV-421-

JD, 2014 WL 2196899, at *3 (D.N.H. May 27, 2014) ("When an amendment proposes to add a

party, Rules 20 and 21 are also considered, and the court may deny amendment because joinder

creates undue prejudice, expense or delay.") (quotation marks omitted). Here, because Plaintiffs

move to add new plaintiffs rather than claims, they must comply with Fed. R. Civ. P. 20, which

governs permissive joinder of parties. Fed. R. Civ. P. 20(a)(1) provides that additional plaintiffs

may be joined if: "(A) they assert any right to relief jointly, severally, or in the alternative with

respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Rule 20(a) is to be "construed liberally in order to promote the broadest scope of action

consistent with fairness to the parties." Cooper v. Charter Commc'ns Entm'ts I, LLC, No. CIV.

3:12-10530-MGM, 2015 WL 1943858, at *5, n.3 (D. Mass. Apr. 28, 2015) (quoting Maldonado

Cordero v. AT&T, 190 F.R.D. 26, 28 (D.P.R. 1999)). The purpose of permissive joinder is to

"promote trial convenience and expedite the final determination of disputes." Patrick Collins,

Inc. v. Does 1-38, 941 F. Supp. 2d 153, 164-166 (D. Mass. 2013) (citations omitted).

Accordingly, joinder may be denied where it would create logistical difficulties that undercut

judicial efficiency. See id.; Melvin v. Brodeur, No. CIV. 97-192-SD, 2000 WL 36951, at *3

(D.N.H. Jan. 19, 1999) ("The purpose of Rule 20(a) is to promote trial convenience and the final

resolution of disputes . . . [A] request for joinder will be denied if the addition of a party will

cause prejudice and undue delay.") (internal citations omitted).

    In a recent opinion involving similar facts, Judge Gorton denied leave to amend an FLSA

complaint to add 14 "opt-ins" as named plaintiffs, after he had previously denied class

certification. Botero v. Commonwealth Limousine Serv. Inc., 302 F.R.D. 285 (D. Mass. 2014).

Finding that the standard for conditional certification under § 216(v) of the FLSA is "in fact,

more elastic and less stringent" than the requirements for joinder under Fed. R. Civ. P. 20, Judge

Gorton held that joinder could not be permitted after class certification had already been denied.

Id. at 287. Because class certification had been denied, it could "hardly be said that the factual

scenarios of the 14 'opt-ins' stem from the same 'transaction or occurrence' or 'share an

aggregate of operative facts.'" Id. Judge Gorton also denied plaintiff's motion because adding

the 14 opt-ins as plaintiffs would "create the same unmanageable situation that [the Court]

sought to avoid in denying collective certification." Id. (citation omitted). "The case-by-case,

fact-intensive nature" of each plaintiff's claim would create logistical difficulties for the

defendants and "the case would devolve into 'scores of mini-trials involving different evidence

and testimony' regarding each [plaintiff's] factual circumstances." Id. (quoting Patrick Collins,

Inc. v. Does 1–38, 941 F. Supp. 2d 153, 165 (D. Mass. 2013)).

The same result is required here. Plaintiffs cannot use their Motion to Amend to

circumvent the challenges of class certification. In Botero, Judge Gorton was concerned that the

case would devolve into 14 "mini-trials" regarding each plaintiff's factual circumstances; here, if

the Motion to Amend is granted, then the case would devolve into approximately 1,600 such

mini-trials. As Judge Woodlock indicated in his summary judgment opinion, to resolve this case,

the Court will likely need to review the individual schedules of each affected MBTA employee.

[ECF No. 65, at 26-27 ("In the absence of specific information about the break and travel times

of the plaintiffs in this case, I cannot determine whether there was any violation of the FLSA or

whether any travel time beyond that for which the plaintiffs were compensated may be *de

minimis* in individual cases.")] The proposed plaintiffs include full-time and part-time employees

who are bus operators, train operators, train attendants, streetcar operators, trackless trolley

operators and customer service agents for the MBTA; they work from an array of locations and

have individualized schedules and compensation schemes. Accordingly, as plaintiffs themselves

stated in support of their previous motion for class certification, "[j]oinder would be wholly

impractical due to the large number of people, different home and work locations, and finally

different employment status for each class member." [ECF No. 30, at 2.] Allowing the Motion to

Amend would thwart judicial efficiency and create substantial logistical difficulties in an already fact-intensive, protracted case.

Plaintiffs complain that the class certification process—involving discovery, motions, and possibly a hearing—will be time-consuming and that it may cause certain claims to fall outside the applicable statute of limitations. Nonetheless, Plaintiffs waited nearly two-and-a-half years to file this motion, and only then after a previous motion to amend was granted, [ECF No. 39], summary judgment motions were briefed and decided, [ECF No. 65], discovery closed, [ECF No. 67], and class certification was denied three times. [ECF No. 39, 61, 65.] Plaintiffs' undue delay in bringing this motion, and the prejudice to the MBTA if the number of plaintiffs increases from 11 to 1,600, particularly so late in the case, require that the Motion to Amend be denied.

In any event, Plaintiffs' statute of limitations argument is unavailing. Plaintiffs contend that because certification of a class may be time-consuming, "the rights and claims of individuals need to be preserved against the applicable statute of limitations." [ECF No. 73, at 1-2.] Plaintiffs offer no support for this argument. In an FLSA collective action, the statute of limitations is tolled for an individual claimant on the "date on which [ ] written consent is filed in the court in which the action was commenced." 29 U.S.C. § 256; see also Prescott v. Prudential Ins. Co., 729 F. Supp. 2d 357, 370 (D. Me. 2010) ("By filing consents, [the employees] have tolled the statute of limitations on their claims."); Harris v. City of Boston, 312 F. Supp. 2d 108, 117 (D. Mass. 2004) ("[D]efendant conceded that the three year statute of limitations is applicable with the statute running back from the time each plaintiff submitted his/her written consent to opt into this action."); Melendez Cintron v. Hershey Puerto Rico, Inc., 363 F. Supp. 2d 10, 14 (D.P.R. 2005) ("All opt-in members who seek relief under FLSA must submit their

7

consent before the statute of limitations has run."). Accordingly, amending the complaint to add the approximately 1,600 plaintiffs will have no effect on the statute of limitations. Under the FLSA, what matters for statute of limitations purposes is when an individual's consent form is filed—not when the class is certified and not when individuals are added as named plaintiffs. Plaintiffs have had the opportunity to file consent forms since this action began in June 2013, and close to 1,600 individuals have done so. Accordingly. Plaintiffs' statute of limitations argument does not salvage the Motion to Amend.

## III.    Conclusion

For the foregoing reasons, Plaintiffs' Motion to Amend is denied. The parties are directed to submit a joint status report by December 7, 2015 and attend a status conference on December 9, 2015 at 2:00 pm.

**So Ordered.**

Dated: November 20, 2015

> /s/ Allison D. Burroughs
> ALLISON D. BURROUGHS
> U.S. DISTRICT JUDGE