UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:13-CV-11455 - ADB
(Leave to file granted on 4/27/16)

In the Matter of:

LOCAL 589, AMALGAMATED TRANSIT    }
    UNION, PATRICK F. HOGAN, ET AL.    }
                                      }
            Plaintiffs,          }
                                        }
                                        }
            v.                     }
                                        }
                                        }
MASSACHUSETTS BAY TRANSPORTATION    }
    AUTHORITY,           }
                                        }
            Defendant.          }
_____}

PLAINTIFFS' REBUTTAL TO
DEFENDANT'S SURREPLY IN OPPOSITION TO
CLASS CERTIFICATION

Extensive rebuttal is not required.  However, the MBTA's Surreply, read properly,
serves to elucidate why class certification is proper and urgently required in this case.  The
MBTA surreply begins as follows: "Plaintiffs claim that Tyson Foods, Inv. V. Bouphakeo, 577
U.S. ___ (2016) has changed the rules and reversed Wal-Mart Stores, Inc., v. Dukes, 131 S. Ct.
2541 (2011) . . . . "   While the undersigned does not read Plaintiffs' earlier Memorandum as
characterized by the MBTA, if it left this impression, we apologize.  The Court did not overrule
or modify the Wal-Mart decision, but distinguished it.  In Wal-Mart, the representative plaintiffs
were seeking to extrapolate from corporate practices that caused or permitted illegal

2

discriminatory conduct based on gender to construct a claim applicable to all who shared the

gender, without any direct evidence that particular individuals had been harmed or to what

extent.   IN CONTRAST, in <u>Tyson Foods</u>, no one who changed clothes for work, then removed

the clothes at the end of the shift was paid for donning and doffing.  The Court determined that

pay practice was illegal.  The individuals who worked and, thus, changed clothes were

documented (or should have been, provided that the employer kept mandatory time and pay

records under the FLSA, CITE).  Thus the population of the certified class was discerned on the

basis of clear, virtually undisputed facts.  The only real issue, which ended up in trial, was the

length of time required to change and, thus, the quantity of compensable but unpaid time for each

worker.

The question here, then, is whether the facts of the instant case are comparable to

those of <u>Wal-Mart</u>, where class certification was not appropriate, or comparable to those of

<u>Tyson Foods</u>, where class certification was ratified by the Court.  The answer is clear: the MBTA

case is like <u>Tyson Foods</u>.  MBTA records show which employees worked which assignments on

which days, and, further, which assignments included a midday travel requirement which was

uncompensated.  This court has ruled already that the MBTA travel time is compensable, leaving

the only remaining issue, just as in <u>Tyson Foods</u>, to be how much compensable time was actually

expended on any particular day.  It is neither necessary nor wise, as a matter of case management

for the court to determine the quality of a particular analytic method to calculate damages, in

order to rule that there should be such a method established by stipulation or, if necessary, by

trial in order to compute damages.  The fact that individual employees may ultimately receive

3

differing amounts due to their respective wage rates or off-setting payments which they may have gotten in a given payroll week means only that the analytic method must be undertaken with care. Those variables may be resolved by arithmetic from existing records.  Such variability does not mean, as Tyson Foods has now made clear, that class-wide damages should not be determined at all.

PLAINTIFFS LOCAL 589, ATU, et al, by their Attorneys,


\_\_/s/ Douglas Taylor_____

Douglas Taylor, BBO No. 562777

Gromfine, Taylor & Tyler
1420 King Street, Suite 500
Alexandria, VA   22314
(703) 683-7782
dtaylor@lbgt.com


\_\_/s/ Brian Rogal_____

Brian Rogal. BBO No. 424920

Paul T. Hynes, BBO No. 545952
Angoff, Goldman, Manning, Hynes &
Dunlap, PC
100 River Ridge Drive, Suite 203
Norwood, MA     02062
(781) 255-7700
BRogal@AngoffGoldman.com

4

<u>Certificate of Service</u>

I hereby certify that I have served a copy of the forgoing memoradum on this 28th day of April, 2016 via the Court's ECF system to counsel of record for Defendants:

Mark W. Batten
Rebecca J. Sivit
Proskauer Rose, LLP
One International Place
Boston, MA    02110
(617) 526-9600
mbatten@proskauer.com
rsivitz@proskauer.com